IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KHALIL GRIER, | § | |
| | § | |
| Defendant Below, | § | No. 635, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 0907000639 |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: December 22, 2014
Decided: January 13, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## **O R D E R**

This 13th day of January 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)   The appellant, Khalil Grier, filed this appeal from the Superior Court's denial of his motion for correction of an illegal sentence under Superior Court Criminal Rule 35 ("Rule 35").  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Grier's opening brief that his appeal is without merit.[1]  We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2) The record reflects that, in May 2010, Grier pled guilty to two counts of Robbery in the First Degree, one count of Assault in the Second Degree, and one count of Possession of a Firearm During the Commission of a Felony ("PFDCF").[2] Grier was sentenced on these counts as follows: (i) for one count of Robbery in the First Degree, eight years of Level V incarceration, with credit for 237 days previously served, suspended after three years for eighteen months of Level III probation; (ii) for the other count of Robbery in the First Degree, eight years of Level V incarceration, suspended after three years for eighteen months of Level III probation; (iii) for Assault in the Second Degree, five years of Level V incarceration, suspended for eighteen months of Level III probation; and (iv) for PFDCF, three years of Level V incarceration.

(3) On September 11, 2014, Grier filed a motion for correction of an illegal sentence. Grier claimed that his PFDCF conviction violated double jeopardy principles because it contained the same additional element as Robbery in the First Degree and merged with Robbery in the First Degree. After requesting and receiving a response from the State, the Superior Court denied the motion for correction of illegal sentence. Grier filed a reply and opposition to the State's submission, which the Superior Court denied on November 6, 2014. This appeal followed.

---

[2] Grier also pled guilty to charges in a different case.

2

(4)     On appeal, Grier relies on federal cases to argue that the Superior Court erred in denying his motion for correction of an illegal sentence because his convictions for Robbery in the First Degree and PFDCF violate double jeopardy. Under Rule 35(a), a sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[3] Grier is not entitled to relief under Rule 35(a).

(5)     First, the limited purpose of Rule 35(a) is to permit correction of an illegal sentence.[4] Rule 35(a) is not a means for a defendant to attack the legality of his convictions, as Grier does here.[5]

(6)     Second, to the extent Grier challenges his sentences for Robbery in the First Degree and PFDCF, it is well-settled under Delaware law that a defendant may be sentenced for both Robbery in the First Degree and a weapons offense like PFDCF or Possession of a Deadly Weapon During the Commission of a Felony

---

[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[4] *Id.*

[5] *Eley v. State*, 2006 WL 2787399, at *1 (Del. Sept. 26, 2006) (finding no error in denial of motion for correction of illegal sentence because claim that burglary and theft convictions violated double jeopardy was not proper subject of Rule 35(a) motion); *Brittingham v. State*, 705 A.2d at 578 (concluding that challenges to validity of convictions were outside scope of Rule 35(a)).

("PDWDCF").[6]  Contrary to Grier's contentions, this is not inconsistent with federal law.  In *Missouri v. Hunter*, the United States Supreme Court held that where a legislature specifically authorizes cumulative punishment under two statutes, a trial court may impose cumulative punishment under those statutes regardless of whether the statutes proscribe the same conduct.[7]  Applying *Hunter*, this Court held that a defendant may be convicted and punished for both Robbery in the First Degree and PDWCF because the Delaware General Assembly clearly intended that the sentence for a weapons offense run consecutively to a sentence for robbery and the applicable statutory sections addressed different problems.[8]  Thus, Grier's sentences for Robbery in the First Degree and PFDCF do not violate double jeopardy principles and the Superior Court did not err in denying Grier's motion for correction of an illegal sentence.

---

[6] *Powell v. State*, 2009 WL 3367068, at *4 (Del. Oct. 20, 2009) ("Under Delaware law, a defendant may be separately charged, convicted and sentenced for both Robbery in the First Degree and Possession of a Firearm During the Commission of a Felony."); *Johnson v. State*, 1999 WL 1098173, at *4 (Del. Nov. 2, 1999) (relying on *LeCompte v. State* to hold that defendant could be convicted and sentenced for both Robbery in the First Degree and PFDCF); *LeCompte v. State*, 516 A.2d 898, 900-03 (Del. 1986) (holding defendant could be convicted and punished for both Robbery in the First Degree and PDWDCF).

[7] 459 U.S. 359, 368-69 (Del. 1983).

[8] *LeCompte v. State*, 516 A.2d at 900-03.

4

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice